## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 06-61860

**ACHILLES VARRICCHIO**

**Plaintiff,**

**v.**

**Judge:**

**Case no:**

**CAPITAL ONE BANK;**
**VERIZON WIRELESS-NY;**
**EQUIFAX INFORMATION SERVICES, L.L.C.;**
**EXPERIAN INFORMATION SOLUTIONS, INC.;**
**TRANS UNION, L.L.C.**

**Defendant(s)**

_____/

### COMPLAINT
### (& Jury Demand)

Comes now, the plaintiff, **ACHILLES VARRICCHIO**, (Hereinafter referred to as "**the Plaintiff**"), on behalf of himself and by and through undersigned counsel, files this complaint against **the Defendants**: **CAPITAL ONE BANK**; **VERIZON WIRELESS-NY**; Equifax Information Services, L.L.C. (hereinafter referred to as "**Equifax**"); Experian Informational Solutions, L.L.C. (hereinafter referred to "**Experian**"); and Trans Union L.L.C. (hereinafter referred to as "**Trans Union**") and in support thereof would state the following:

1

## JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., as amended, (hereinafter referred to as the "**FCRA**").

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p; 28 U.S.C. §§1331 and 1337. Supplemental jurisdiction rests upon 28 U.S.C. §1367.

3. Plaintiff's action for declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

4. The Defendant **CAPITAL ONE BANK** is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida. **CAPITAL ONE BANK** is also a "furnisher of information" as stated in 15 U.S.C. §1681 et seq., as amended.

5. The Defendant **VERIZON WIRELESS-NY** is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida. **VERIZON WIRELESS-NY** is also a "furnisher of information" as stated in 15 U.S.C. §1681 et seq., as amended

6. The Defendant **Equifax** is a business entity that regularly conducts business throughout every state and county of the United States

2

and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **Equifax** is a "consumer reporting agency", as defined in 15 U.S.C. §1681f. **Equifax** is regularly engaged in the business practice of assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681d.

7. The Defendant **Experian** is a business entity that regularly conducts business throughout every state and county of the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **Experian** is a "consumer reporting agency", as defined in 15 U.S.C. §1681f. **Experian** is regularly engaged in the business practice of assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681d.

8. The Defendant **Trans Union** is a business entity that regularly conducts business throughout every state and county of the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **Trans Union** is a "consumer reporting agency", as defined in 15 U.S.C. §1681f. **Trans Union** is regularly engaged in the business practice of

3

assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681d.

## VENUE

9. The venue in the United States District Court for the Southern District of Florida is proper and based upon the following:

    a. The violations of the FCRA/FDCPA alleged below occurred and/or were committed in **Broward County,** State of Florida within the Southern District of Florida;

    b. At all times material hereto, the Defendants, were and continue to be corporations engaged in business activities in Broward County, Florida and as such are citizens of the State of Florida.

10. The plaintiff, is an individual residing in Broward County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1681 et seq., as amended, and 15 U.S.C. §1692 et seq.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff is an "individual consumer" as defined by the FCRA and is alleged to have incurred a financial obligation for primarily

4

personal, family or household purposes, or more specifically a debt with **CAPITAL ONE BANK** and **VERIZON WIRELESS-NY.**

12.    On or about April 12, 2004, Plaintiff, through counsel, sent dispute letters to Defendants **Experian**, and **Trans Union** and on May 23, 2006 to defendant **Equifax** which included appropriate personal identification, and which stated that the **CAPITAL ONE BANK** account was inaccurate and did not have the correct information.

13.    The Defendants **Equifax**, **Experian**, and **Trans Union** received these dispute letters shortly thereafter.

14.    Defendant **Equifax** responded to Plaintiff's dispute letter stating that as a result of their reinvestigation that they have "verified that this item belongs to you."

15.    Defendants **Experian** responded to Plaintiff's dispute letter by verifying the trade lines and continuing to report the account inaccurately as alleged.

16.    Defendant **Trans Union** responded on May 26, 2006 that new information was provided and then updated the account to satisfactory from adverse.  They then subsequently began reporting the account as adverse again on August 2, 2006.

17.    Defendant **Equifax** was subsequently contacted by way of correspondence of June 21, 2006, July 18th, 2006, September 20,

2006, and November 13, 2006 in which it was again requested that an investigation be undertaken and completed within 30 days and that the inaccurate information be removed from the Plaintiff's credit report.

18. Defendant **Equifax** has failed to conduct a reasonable reinvestigation and make the corrections to the Plaintiff's credit report as required by 15 U.S.C. §1681i.

19. Defendant **Experian** was sent subsequent correspondence on July 18, 2006, September 20, 2006, and November 13, 2006 in which it was repeatedly requested that an appropriate investigation be undertaken and the inaccurate information be removed from the Plaintiff's credit report.

20. Defendant **Experian** has failed to conduct a reasonable investigation and make the corrections required by 15 U.S.C. §1681i.

21. Defendant **Trans Union** was sent subsequent correspondence on September 20, 2006 and November 13, 2006 in which it was repeatedly requested that an appropriate investigation be undertaken and the inaccurate information be removed from the Plaintiff's credit report.

6

22. Defendant **Trans Union** has failed to conduct a reasonable investigation and make the corrections required by 15 U.S.C. §1681i.

23. Defendant **Trans Union** has also improperly maintained obsolete information on the credit report. As indicated in the March 30, 2006, Trans Union consumer report the **CAPITAL ONE BANK** account should have been obsolete as of October 2006. However, as of August 2, 2006, defendant **Trans Union** was now wrongly extending the 7 year statutory period until October 2008 in violation of 15 U.S.C. §1681c (a) and (c).

24. Additionally, defendant **CAPITAL ONE BANK** has also violated the 7 year statutory period by continuing to report that this account will remain on the credit report until October 2008.

25. Even with the Plaintiff providing said information, **Equifax**, **Experian**, and **Trans Union** failed to properly maintain an accurate credit report.

26. Defendants **Equifax**, **Experian**, and **Trans Union** also obtained trade line or account information from Defendant **CAPITAL ONE BANK** but have no internal procedures to check and compare the consistency of the data obtained from these two means.

27. On or about July 18, 2006, Plaintiff, through counsel, sent a dispute letter to Defendant **Equifax** which included appropriate

7

personal identification, and which stated that the **VERIZON WIRELESS-NY** account was inaccurate and did not have the correct information.

28.   Defendant **Equifax** responded to Plaintiff's dispute letter stating that as a result of their reinvestigation that they have "verified that this item is being reported correctly" on September 1, 2006.

29.   Defendant **Equifax** was subsequently contacted by way of correspondence on September 20, 2006 and November 13, 2006 in which it was again requested that an investigation be undertaken and completed within 30 days and that the inaccurate information be removed from the Plaintiff's credit report as this was not the Plaintiff's account.

30.   Defendant **Equifax** responded to Plaintiff's dispute letter stating that as a result of their reinvestigation that they have "verified that this item belongs to you" on September 14, 2006.

31.   Additionally, all three credit reporting agency defendants, **Equifax, Trans Union, and Experian**, have been specifically requested per 15 U.S.C. §1681i(a)(6) and (7) to provide a description of the procedure used to determine the accuracy and completeness including the business name, address, and telephone number but have failed to comply.

32.   Plaintiff has been damaged as a direct and proximate cause of all of the Defendants' actions.

33.   Plaintiff has suffered damage to his credit worthiness.

34.   Plaintiff has been damaged because this misleading information and/or errors have impaired his ability to build his credit worthiness and to obtain new financial lending.

35.   As a direct result of said errors, Defendants have misinformed third parties as to the status of this account. Defendants have reflected credit information which is incorrect, inaccurate, misleading and/or false.

36.   As a direct result of Defendants' actions, when applying for lending, third parties, believing the account remains open and due, have either denied Plaintiff credit or conditioned the terms of the new financing that said "open" or "outstanding" debts be paid in full.

37.   Additionally, the errors being reported have reduced the Plaintiff's credit score thereby impacting his ability to obtain financing. The result of all of the above has caused mental, physical, and emotional anguish and humiliation to the Plaintiff.

### CAUSES OF ACTION

### COUNT ONE

## <u>Violations of the FCRA  - 15 U.S.C. §1681, et seq., as amended,</u>

## <u>by Defendants Equifax, Experian, and Trans Union</u>

38.   Plaintiff re-alleges and incorporates paragraphs 1 through 36 above as if fully stated herein.

39.   The Defendant "credit reporting agencies" willfully and/or negligently violated the provisions of the FCRA on multiple occasions in the following manner:

   a. By willfully and/or negligently failing to follow reasonable procedures in the preparations of the consumer report concerning the Plaintiff and to assure maximum possible accuracy of the information in the report.

   b. By willfully and/or negligently failing to disclose the nature and substance of all information in it's files on the Plaintiff at the time of the requests in violation of 15 U.S.C. §1681g(a).

   c. By willfully and/or negligently failing to delete incomplete and inaccurate information on the Plaintiff's file after conducting an investigation, in violation of 15 U.S.C. §1681i(a).

   d. By willfully and/or negligently failing to contact the sources suggested by the Plaintiff during the re-investigation in violation of 15 U.S.C. §1681i(a).

     e. By willfully and/or negligently failing to provide subsequent users of the report with Plaintiff's statement of dispute or a summary thereof, in violation of 15 U.S.C. §1681i(c).

     f. By willfully and/or negligently violating 15 U.S.C. §1681c (a) and (c) and maintaining obsolete derogatory information on the consumer credit report.

     g. By willfully and/or negligently violating 15 U.S.C. §1681i(6) and (7) and failing to comply with the notice of results of reinvestigation provision within 15 days of the request.

40. As a result of this conduct, action and inaction of the named Defendants, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

41. The conduct, action and inaction of the named Defendants was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

42. In the alternative, it was negligent, thereby entitling Plaintiff to recover under 15 U.S.C. §1681o.

43. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendants in an

11

amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

## Prayer for Relief

**WHEREFORE**, the Plaintiff respectfully prays that judgment be entered against the Defendants **Equifax**, **Experian**, and **Trans Union** for an award of actual, statutory, and punitive damages; attorney's fees and the costs of litigation including pre and post-judgment interest at the legal rate; jointly and severally for declaratory relief including but not limited to an order directing that the Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and such other relief the Court deems just, equitable and proper.

## COUNT TWO

## Violations of the FCRA – 15 U.S.C. §1681s-2(b) by Defendant

## CAPITAL ONE BANK

44.    Plaintiff re-alleges and incorporates paragraphs 1 through 42 above as if fully stated herein.

12

45. At all times pertinent hereto, Defendant **CAPITAL ONE BANK** was a "person" as that term is defined by 15 U.S.C. §1681a(b) and a "furnisher of information" to the credit reporting agencies.

46. This Defendant violated 15 U.S.C. §§1681n and 1681o by engaging in the following conduct that violated §1681s-2(b) of that Act. Throughout the entire course of it's actions, **CAPITAL ONE BANK** willfully and/or negligently violated these provisions of the FCRA in the following manner:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that the Plaintiff disputed;

   b. By willfully and/or negligently failing to review all relevant information concerning the Plaintiff's account as provided;

   c. By willfully and/or negligently failing to report the results of their investigation of the inaccurate information to all credit reporting agencies;

   d. By willfully and/or negligently failing to modify or delete incomplete or inaccurate information in Plaintiff's file after conducting an investigation;

   e. By willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation;

13

f.  By willfully and/or negligently failing to permanently block the reporting of the inaccurate information as disputed by the Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to all credit reporting agencies;

g.  By willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. §1681s-2(b).

h.  By violating 15 U.S.C. §1681c (a) and (c) and maintaining obsolete derogatory information on the consumer credit report.

47.  As a result of this conduct, action and inaction of Defendant **CAPITAL ONE BANK**, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

48.  The conduct, action and inaction of Defendant **CAPITAL ONE BANK** was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

49.   In the alternative, the conduct, action and inaction was negligent, thereby entitling Plaintiff to recover under 15 U.S.C. §1681o.

50.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §§1681n and 1681o.

### Prayer for Relief

**WHEREFORE**, the Plaintiff respectfully prays that judgment be entered against the Defendant **CAPITAL ONE BANK** for an award of actual, statutory, and punitive damages; attorney's fees and the costs of litigation including pre and post-judgment interest at the legal rate; declaratory relief including but not limited to an order directing that the Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and such other relief the Court deems just, equitable and proper.

### COUNT THREE

## <u>Violations of the FCRA – 15 U.S.C. §1681s-2(b) by Defendant</u>

## <u>VERIZON WIRELESS-NY</u>

51.   Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully stated herein.

52.   At all times pertinent hereto, Defendant **VERIZON WIRELESS-NY** was a "person" as that term is defined by 15 U.S.C. §1681a(b) and a "furnisher of information" to the credit reporting agencies.

53.   This Defendant violated 15 U.S.C. §§1681n and 1681o by engaging in the following conduct that violated §1681s-2(b) of that Act.   Throughout the entire course of it's actions, **VERIZON WIRELESS-NY**willfully and/or negligently violated these provisions of the FCRA in the following manner:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that the Plaintiff disputed;

   b. By willfully and/or negligently failing to review all relevant information concerning the Plaintiff's account as provided;

   c. By willfully and/or negligently failing to report the results of their investigation of the inaccurate information to all credit reporting agencies;

d. By willfully and/or negligently failing to modify or delete incomplete or inaccurate information in Plaintiff's file after conducting an investigation;

e. By willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation;

f. By willfully and/or negligently failing to permanently block the reporting of the inaccurate information as disputed by the Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to all credit reporting agencies;

g. By willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. §1681s-2(b).

h. By violating 15 U.S.C. §1681c (a) and (c) and maintaining obsolete derogatory information on the consumer credit report after a reinvestigation was performed.

54. As a result of this conduct, action and inaction of Defendant **VERIZON WIRELESS-NY**, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

55. The conduct, action and inaction of Defendant **VERIZON WIRELESS-NY** was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

56. In the alternative, the conduct, action and inaction was negligent, thereby entitling Plaintiff to recover under 15 U.S.C. §1681o.

57. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 1681o.

## Prayer for Relief

**WHEREFORE**, the Plaintiff respectfully prays that judgment be entered against the Defendant **VERIZON WIRELESS-NY** for an award of actual, statutory, and punitive damages; attorney's fees and the costs of litigation including pre and post-judgment interest at the legal rate;  declaratory relief including but not limited to an order directing that the Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report

18

consumer credit information; and such other relief the Court deems just, equitable and proper.

## JURT TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this _11_ day of ~~September~~ December, 2006.

Respectfully Submitted by,

**PAUL A. HERMAN, P.A.**
**20423 State Road 7**
**suite F6-477**
**Boca Raton, FL 33498**
**Tel: 561-236-8851**
**Fax: 561-451-3461**

**Filed by: Paul A. Herman, Esq**
**FL Bar #405175**

**&**
**FRIEDMAN & BROWN, LLC**
**3330 NW 53RD Street**
**Suite 306**
**Ft. Lauderdale, FL 33309**
**Tel:  954-966-0111**
**Fax:  954-986-4777**

19

**Filed by:**
**FL Bar #** *0066575*

**Attorneys for Plaintiff**

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS

ACHILLE VARRICCHIO

CIV - HUCK

## DEFENDANTS

Capital One Bank; Verizon Wireless - NY; Experian Information Solutions, Inc.; Trans Union, LLC; Equifax Information Services, LLC

**(b)** County of Residence of First Listed Plaintiff   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Broward
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Paul A. Herman, P.A. 20423 State Road 7 suite F6-477
Boca Raton, FL 33428      561-236-8851
Friedman & Brown, LLC
3330 NW 53rd Street suite 306   FT. LAUDERDALE, FL 33309

MAGISTRATE JUDGE
SIMONTON

Attorneys (If Known)

06-61860

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE
☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☑ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

O:06 CV61860-Huck
Simonton

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☑ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO      b) Related Cases ☐ YES ☑ NO

JUDGE                    DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

15 U.S.C. Section 1681 et seq, - FCRA

LENGTH OF TRIAL via  one  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  12/08/06

FOR OFFICE USE ONLY

AMOUNT  350      RECEIPT #  538973