UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-61860-CIV-HUCK/SIMONTON

ACHILLE F. VARRICCHIO,

    Plaintiff,

vs.

CAPITAL ONE SERVICE, INC. d/b/a/
CAPITAL ONE BANK;
VERIZON WIRELESS SERVICE, LLC
d/b/a/ VERIZON WIRELESS-NY;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION, LLC,

    Defendants.

_____/

## ORDER ON PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendant Trans Union, LLC's Partial Motion to Dismiss, which was included with its Answer and Affirmative Defenses to Plaintiff's Complaint, filed January 17, 2007 (DE #8). The Court has considered the Motion, Plaintiff's Response thereto and Trans Union's Reply in further support thereof, and is duly advised in the premises.

### BACKGROUND

Plaintiff claims that the Defendant credit reporting agencies have reported incorrect information on his credit report and failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq* (the "FCRA"). Plaintiff seeks an award of damages and declaratory relief, including an order directing the Defendant credit reporting agencies to immediately delete all of the allegedly inaccurate information from his credit report. Defendant Trans Union argues that equitable relief is not available under the FCRA and, therefore, seeks dismissal of Plaintiff's complaint to the extent it seeks an order enjoining it from further reporting the allegedly inaccurate information.

### DISCUSSION

The FCRA requires credit agencies to adopt reasonable procedures for ensuring the accuracy of credit information that they collect and report on individuals. 15 U.S.C. § 1681(b), 1681e.

Individuals believing that a credit agency's file contains inaccurate information are entitled to dispute this information with the agency. *Id*. at § 1681i(a). Once an individual notifies a credit agency of a dispute, the agency is required to reinvestigate that information unless the dispute is frivolous or irrelevant. *Id*. If the agency learns that the information is inaccurate, the agency is required to "promptly delete such information" from the individual's credit record. *Id*.

If upon conducting reinvestigation the credit agency finds insufficient reason to believe that the information at issue is inaccurate, the individual may file a brief statement of the dispute with the agency. *Id*. at § 1681i(b). The credit agency then must report the statement and the existence of a dispute whenever it reports the challenged information. *Id*. at 1681i(c).

The FCRA allows individuals to sue credit agencies for damages. A credit agency that willfully fails to comply with its FCRA obligations is liable to an individual for his or her actual damages, costs and reasonable attorney's fees as well as such punitive damages as a court will allow. *Id*. at § 1681n; *see also Hovater v. Equifax, Inc*., 823 F.2d 413, 417 (11th Cir.), *cert. denied*, 484 U.S. 977, 108 S.Ct. 490, 98 L.Ed.2d 488 (1987). If a credit agency is merely negligent in its reporting of incomplete or inaccurate information, it is liable for the same amounts with the exception of punitive damages. 15 U.S.C. § 1681o. The FCRA grants district courts jurisdiction to enforce these liabilities as follows:

> An action to enforce any liability created under this subchapter may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction....

Id. at § 1681p.

Plaintiff here has availed himself of the civil remedy provided by the FCRA and has sued for damages, as well as his fees and costs. However, as noted above, Plaintiff additionally asks the Court to order the credit reporting agencies to delete the information he claims is inaccurate from his credit report and to cease reporting the same to recipients of the reports. The Court finds that it lacks jurisdiction to grant such injunctive relief. As noted by the Honorable Judge K. Michael Moore of this District in *Mangio v. Equifax, Inc*., 887 F.Supp. 283 (S.D.Fla. 1995), Section 1681p of the FCRA authorizes district courts to enforce a credit agency's monetary liability to an individual, but not the credit reporting agency's compliance with the FCRA's requirements. *Id*. As did the plaintiff in *Mangio*,

Plaintiff here seeks to invoke this Court's authority to enforce the Defendant credit agencies' *compliance* with the FCRA and not merely their monetary liability to Plaintiff. The Court lacks such authority. *Id*. ("the FCRA's failure to provide for private injunctive relief indicates that such relief is not available); *see also Washington v. CSC Credit Servs., Inc.,* 199 F.3d 263, 268 (5th Cir. 2000); *Jones v. Sonic Automotive, Inc.*, 391 F.Supp.2d 1064 (M.D. Ala. 2005)("The plain language of the statute authorizes district courts to enforce only 'liability' of a credit agency to an individual and does not instruct district courts to insure 'compliance.'")).[1] Accordingly, it is hereby

ORDERED that Defendant Trans Union's Partial Motion to Dismiss is GRANTED. Plaintiff's Complaint is dismissed insofar as it seeks an order directing the Defendant credit reporting agencies to delete the information Plaintiff claims is inaccurate from his credit report and to cease reporting the same to recipients of the reports.

DONE AND ORDERED in Chambers, Miami, Florida, this March 23, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Honorable Andrea M. Simonton
All Counsel of Record

---

[1] A second reason why private individuals may not sue for injunctive relief under the FCRA is that Congress gave this power only to the Federal Trade Commission ("FTC"). *Id*.; *see also Washington v. CSC Credit Servs., Inc.,* 199 F.3d 263, 268 (5th Cir. 2000). The FCRA specifically states that "compliance with the requirements imposed under [the FCRA] shall be enforced under the Federal Trade Commission Act ... by the Federal Trade Commission." 15 U.S.C. § 1861s(a). Violations of the FCRA constitute unfair or deceptive acts or practices under the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41- 58, and are subject to FTC "enforcement" under section 5(b) of that statute. 15 U.S.C. § 1681s(a). Section 5(b) of the FTCA authorizes the FTC to issue to cease and desist orders, 15 U.S.C. § 45(b), and courts of appeal have exclusive jurisdiction to enforce these orders, *id*. at 45(d). *See, e.g., Equifax v. FTC*, 678 F.2d 1047 (11th Cir.1982). Congress' grant of authority to the FTC to enforce the FCRA's requirements is strong indication that it did not intend for private individuals to exercise this power. *See Brown v. United States*, 600 F.Supp. 47 (D.C.Ky.1984) (drawing same conclusion for FDCPA).